UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MATTHEW MARK MOORE, | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-00002 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MARC OKULEY, | ) | [Re: Objections at docket 34] |
| | ) | |
| Respondent. | ) | |

## I. MATTER PRESENTED

Petitioner Matthew Mark Moore ("Moore") filed objections at docket 34 to an order issued by Magistrate Judge Smith at docket 33. Respondent Marc Okuley ("Okuley") filed his response to the objections at docket 36. The objections are now ripe for disposition by this court.

## II. BACKGROUND

Moore was convicted in the Superior Court at Nome of attempted first and second degree sexual assault and burglary. He was sentenced to imprisonment for 12 years with four years suspended leaving eight years to serve in prison. He is before this court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

Pursuant to this court's standard practice,[1] and after appointing counsel for Moore, this case was referred to Magistrate Judge Smith for the purpose of hearing and deciding all procedural and discovery motions and resolving other pre-trial matters as

---

[1] D.Ak.LMR 4(3).

well as preparation of a report and recommendation on the merits of the petition.[2]  The referral authorized Magistrate Judge Smith to proceed with the case under the powers allowed to magistrate judges by 28 U.S.C. § 636 and Rule 8(b) of the Rules Governing 2254 Cases in The United States District Court ("Habeas Rules").

Counsel appointed for Moore filed a supplemental petition for a writ of *habeas corpus*.[3]  The supplemental petition advances five claims for relief.  Claim One contends that Moore's Sixth Amendment right to counsel was violated by the state trial judge's denial of his request for appointment of a new lawyer.  Claim Two contends that Moore's Sixth Amendment right to counsel was violated when the state trial judge failed to adequately inquire into the conflict between Moore and his lawyer.  Claim Three contends that Moore's Sixth Amendment right to counsel was violated when he was required to proceed with a lawyer of proven incompetence who also lacked the ability to communicate with Moore.  Claim Four contends that Moore's Sixth Amendment right to a jury trial was violated when his sentence was increased based on facts that should have been determined by a jury, not the judge.  Claim Five contends that Moore's Fifth Amendment right to due process was violated because his sentence was increased based on crimes committed when he was a juvenile.

Okuley filed a motion for summary adjudication.[4]  In that motion, Okuley contends that Moores's claims relating to his sentence (Claims Four and Five) are barred by a procedural default.  Okuley also contends that both the right to counsel claims (Claims One, Two, and Three) and his sentencing claims fail on the merits.  Okuley takes the position that the undisputed facts support his contentions.  Moore filed a response to Okuley's motion,[5] but also simultaneously filed a motion for a continuance to permit him to further develop a factual record pursuant to Habeas Rule 11 and

---

[2] Doc. 5.

[3] Doc. 14.

[4] Doc. 20.

[5] Doc. 25.

Federal Rule of Civil Procedure 56(f).[6] Okuley opposed the motion for a continuance,[7] and after reviewing the motion papers the magistrate judge denied the motion for a continuance.[8] Her order is the subject of the pending objections.

## III. STANDARD OF REVIEW

Moore's motion for a continuance is a non-dispositive motion that falls within the ambit of the authority given to magistrate judges by 28 U.S.C. § 636(b)(1)(A) upon a district judge's referral of the case. This court may reconsider and set aside such an order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9]

## IV. DISCUSSION

### A. Is Order Contrary to Law?

Moore argues, in effect, that Judge Smith's order is contrary to law, because her order allows Okuley to proceed with the underlying motion for summary adjudication on the merits and not merely with respect to possible procedural bars. Moore urges that this is inconsistent with Habeas Rule 4 and the teaching of two Ninth Circuit cases, *O'Bremski v. Maass*[10] and *White v. Lewis*.[11]

Habeas Rule 4 does not require a respondent to proceed with an answer to the exclusion of an initial response by motion, for the rule explicitly provides: "If the petition is not dismissed [upon initial review by the court], the judge must order the respondent to file an answer, a motion or other response. . . ." The decision in *O'Bremski* provides no support for the argument that permitting summary disposition of a *habeas corpus* petition on the merits is necessarily inconsistent with Habeas Rule 4. To the contrary,

---

[6]Doc. 23.

[7]Doc. 28.

[8]Doc. 33.

[9]28 U.S.C. § 636(b)(1)(A).

[10]915 F.2d 418 (9th Cir. 1990)

[11]874 F.2d 599 (9th Cir. 1989).

-3-

*O'Bremski* supports the proposition that it is consistent with Rule 4 to allow a motion asserting that a petition fails on the merits. In *O'Bremski*, after concluding that it was permissible to address the merits even though petitioner had not exhausted his state remedies, the Ninth Circuit addressed two claims: (1) the Oregon Board of Parole failed to act as an impartial tribunal, and (2) the Parole Board was equitably estopped from rescinding one release date and setting a later one. The district court had granted a motion to dismiss the two claims on the merits pursuant to Fed. R. Civ. P. 12(b). After faulting the district court for granting the motion in reliance on Fed. R. Civ. P. 12(b), the Ninth Circuit went on to uphold the dismissal of the claims based on Habeas Rule 4, concluding: "Because we conclude that there are no unresolved questions of fact in this case and that Obremski's [sic] claims are not colorable under federal law, we affirm the district court's dismissal for failure to state a claim."[12]

The other Ninth Circuit decision cited by Moore, *White v. Lewis,* does not foreclose the possibility of presenting a motion to dismiss on the merits, although it is clear that in *White* all the court held was that a state procedural default claim could be presented by motion.[13] This court does not read the three district court cases cited by Moore[14] to provide persuasive support for Moore's position.

The Advisory Committee Notes to Habeas Rule 4 lend support to the proposition that a summary motion to dismiss on the merits may be made consistently with the rule. To begin with the 2004 notes point out that the rule has been amended to expressly authorize a response by motion rather than answer. More to the point of whether such a motion must be confined to procedural matters only, the 1976 notes conclude with this statement: "Or the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit."

---

[12] *O'Bremski*, 915 F.2d at 421.

[13] White, 874 F.2d at 602-603.

[14] *Bernal-Ibanos v. Adler*, 2010 WL 599925 (E.D. Cal 2010); *Hillery v. Pulley*, 533 F. Supp. 1189 (E.D. Cal. 1982); and *Ukwabatu v. Morton*, 997 F. Supp. 605 (D.N.J. 1998).

-4-

Moore also relies on Fed. R. Civ. P. 56(f) to support the proposition that he is entitled to a continuance. This court finds Magistrate Judge Smith's discussion of why Rule 56(f) should not be applied in the context of *habeas corpus* proceedings persuasive. The similar discussion by respondent in his opposition to the motion at bar is also correct in this court's view. This court concludes that Fed. R. Civ. P.56(f) does not apply to this habeas case.

Moore has failed to show that Magistrate Judge Smith's order denying his motion for a continuance is contrary to law. Thus, unless Moore shows that her order is clearly erroneous, he is not entitled to relief from this court.

## B. Is Order Clearly Erroneous?

It is important to note the carefully cabined extent of Judge Smith's order. In denying the motion for a continuance, she did not rule that Moore will necessarily lose the right to expand the record upon which the merits of some or all of his claims are ultimately determined. As Judge Smith explained:

> This Court acknowledges that Petitioner wants to preserve his opportunity to add facts outside the state record before the Court decides the merits of any claims in his petition. But Petitioner will have an opportunity to ask for an evidentiary hearing or include additional facts in the record for any claims that survive this initial review. During the review of Respondent's Motion for Summary Adjudication, this court will review the state court record in detail to determine whether factual deference under § 2254(d)(2) and (e)(1) applies as Respondent asserts or whether *de novo* review is appropriate as Petitioner asserts. Furthermore, pursuant to Rule 7 and Rule 8 of the habeas Rules, the Court will consider whether an evidentiary hearing or expansion of the record is required, applying § 2254(e) if appropriate. If this Court concludes that summary dismissal of any claim is not warranted at this stage, it will order a briefing schedule, in which case Petitioner will have an opportunity to move for an evidentiary hearing or request discovery related to any remaining claim if he believes it appropriate and if the Court has not already done so.

This court finds nothing in Moore's papers which explains why Judge Smith's cautious attempt to winnow claims which may be subject to summary disposition from those which are not is "clearly erroneous." Moreover, Moore's supplemental petition shows that there is a very great deal of information already available in the record. That information requires close scrutiny before a decision can be made on whether the

-5-

record is sufficient to allow a fair and just adjudication of Moore's claims. This court concludes that the magistrate judge's order is not clearly erroneous.

## IV.  CONCLUSION

For the reasons above, the objections at docket 34 are **OVERRULED**. The order by the magistrate judge at docket 33 is **AFFIRMED**.

DATED at Anchorage, Alaska, this 14th day of May 2010.

>                /s/ JOHN W. SEDWICK
>           UNITED STATES DISTRICT JUDGE